1   **BRYAN CAVE LEIGHTON PAISNER LLP**
    Daniel Thomas Rockey, CA Bar No. 178604
2   daniel.rockey@bclplaw.com
    Joseph J. Poppen, CA Bar No. 239282
3   joseph.poppen@bclplaw.com
    Three Embarcadero Center, 7th Floor
4   San Francisco, California 94111-4070
    Telephone:    +1 415 675 3400
5   Facsimile:    +1 415 675 3434

6   Attorneys for Petitioners
    SHOWBOX CORP.; ORION HOLDINGS CORP.
7

8                  IN THE UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  SHOWBOX CORP.; ORION HOLDINGS          Case No. 3:25-cv-07719
    CORP.,
12                                          **PETITION TO CONFIRM FOREIGN
                    Petitioners,            ARBITRATION AWARDS**
13
            v.
14
    MAUM STUDIO INC.,
15
                    Respondent.
16

17

18

19

20

21

22

23

24

25

26

27

28

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARDS

Petitioners Showbox Corp. ("Showbox") and Orion Holdings Corp. ("Orion"), by their undersigned attorneys, hereby petition this Court to confirm two final arbitral awards pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. The arbitration proceedings were administered by the Korean Commercial Arbitration Board ("KCAB") under KCAB case numbers 23113-0005 ("Showbox Arbitration") and 23113-0031 ("Orion Arbitration"). Both arbitrations were conducted pursuant to KCAB's International Arbitration Rules and were presided over by a single KCAB arbitrator. The arbitrator issued the two final awards on December 30, 2024, one in favor of Showbox and against Respondent Maum Studio Inc. ("Maum"), and the other in favor of Orion and against Maum. A copy of the award in the Showbox Arbitration is attached hereto as Exhibit 1 ("Showbox Award"), and a copy of the award in the Orion Arbitration is attached hereto as Exhibit 2 ("Orion Award").

## THE PARTIES

1. Petitioner Showbox is a corporation organized under the laws of the Republic of Korea, which is in the business of planning, producing, and investing of films and broadcasting content in Korea, and distributing such works to theaters, broadcasters, and OTT platforms to generate revenue.

2. Petitioner Orion is a corporation established under the laws of the Republic of Korea, which is in the business of acquiring and owning shares or equity in companies and subsidiaries within Korea to guide, foster, and organize their management, and in the business of funding and supporting companies and subsidiaries through consulting, educating, training, marketing, and managing and licensing intellectual property rights.

3. Respondent Maum is a Delaware corporation with its principal place of business at 322 University Avenue, Palo Alto, California, and is a holding company engaged in the business of investing in the securities of other companies. Maum's Chief Executive Officer and/or Chairman of the Board is Bon Woong Koo. Mr. Koo resides in California and within this judicial district.

///

PETITION TO CONFIRM FOREIGN
ARBITRAL AWARDS                                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

**JURISDICTION AND VENUE**

4.      This Court has original subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of awards rendered in arbitrations that fall under the New York Convention.

5.      This Court has personal jurisdiction over Maum because Maum is domiciled in California with its principal place of business at 322 University Avenue, Palo Alto, California.  This Court also has personal jurisdiction over Maum by virtue of its sufficient minimum contacts with this forum that relate to and/or give rise to the claims here asserted.

6.      Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(a)-(b).  Maum resides in this judicial district and is the only defendant in this proceeding.

**NATURE OF THE PROCEEDINGS**

7.      Petitioners bring this Petition for the Court to confirm the Showbox Award and the Orion Award, both issued by KCAB arbitrator Choi Kyung-joon on December 30, 2024.

8.      In the Showbox Award (KCAB case no. 23113-0005), the arbitrator decided in Showbox's favor and against Maum, and awarded Showbox: (1) South Korean won ("KRW") in the amount of 6,653,703,141, and interest at the Korean statutory rate of 6% per annum on KRW 6,583,703,141 from October 5, 2022 to the date of full payment, and interest at the rate of 6% per annum on KRW 70,000,000 from April 18, 2023 to the date of full payment; and (2) the arbitration costs, including legal fees, in the amount of KRW 147,266,491.  Exh. 1 at pg. 2 of 37.

9.      In the Orion Award (KCAB case no. 23113-0031), the arbitrator decided in Orion's favor and against Maum, and awarded Orion: (1) the amount of KRW 3,033,692,970, and interest at the Korean statutory rate of 6% per annum on KRW 2,659,406,175 from May 31, 2024 to the date of full payment, and interest at the rate of 6% per annum on KRW 374,286,795 from October 5, 2022 to the date of full payment; and (2) the arbitration costs, including legal fees, in the amount of KRW 127,489,054.  Exh. 2 at pg. 2 of 39.

10.     Respondent Maum has not made any payment pursuant to either Award.

///

PETITION TO CONFIRM FOREIGN
ARBITRAL AWARDS                                    3

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

## **BACKGROUND**

### **The Agreements**

11.     On or about April 15, 2022, Showbox and Maum entered into the Share Subscription Agreement (the "Subscription Agreement") under which Showbox agreed to issue 24,952,447 of its common shares (the "New Shares") to Maum at the issue price of KRW 5,277 per share and a total issue price of KRW 131,674,062,819, and Maum agreed to purchase said shares at that price. *See* Exh. 3 (Subscription Agreement) at §§2.1-3.3.  Maum's "Chairman of the Board Brian Koo" signed the Subscription Agreement on behalf of Maum.  *Id.* at pg. 11.  Showbox's CEO Do-su Kim signed it on behalf of Showbox.  *Id.*

12.     Under Articles 3.1 and 3.2 of the Subscription Agreement, Maum agreed to deposit the subscription price for the New Shares into Showbox's bank account in Korean Won funds on the June 30, 2022 closing date.  Exh. 3.  Article 11 of the Subscription Agreement identifies grounds for contract cancellation, and under Article 12 if the Subscription Agreement is cancelled pursuant to Article 11, the responsible party shall pay 5% of the total subscription price to the non-responsible party.  *See id.*

13.     Also on or about April 15, 2022, Orion and Maum entered into the Share Purchase and Shareholders Agreement (the "Share Purchase Agreement") whereby Maum agreed to purchase 1,313,287 shares of Showbox common stock (the "Old Shares") held by Orion, the largest shareholder of Showbox, at a price of KRW 5,700 per share, for a total price of KRW 7,485,735,900.  *See* Exh. 4 (Share Purchase Agreement) at §§2.1-3.3.  Maum's "Chairman of the Board Brian Koo" signed the Share Purchase Agreement on behalf of Maum.  *Id.* at pg. 12.  Orion's CEO In-Cheol Heo signed it on behalf of Orion.  *Id.*

14.     Under Articles 3.1 and 3.2 of the Share Purchase Agreement, Maum agreed to deposit the purchase price for the Old Shares into Orion's bank account in Korean Won funds on the June 30, 2022 closing date.  Exh. 4.  Article 12.1 of the Share Purchase Agreement identifies grounds for cancellation, and Article 12.2 provides that, if the Share Purchase Agreement is cancelled pursuant to Article 12.1, the responsible party shall pay 5% of the total purchase price to the non-responsible party.  *See id.*

15.    Article 13.5 of the Subscription Agreement states "[t]he applicable law of this Agreement shall be the laws of the Republic of Korea." Exh. 3.  Article 13.5 of the Share Purchase Agreement states "[t]he governing law for this Agreement shall be the laws of the Republic of Korea." Exh. 4.

16.    Article 13.6 of both agreements state that "[a]ny and all disputes that arise in relation to this Agreement shall be resolved through arbitration by the Singapore International Arbitration Centre ("SIAC") under the Arbitration Rules of the Singapore International Arbitration Centre." Exhs. 3, 4.

17.    Article 13.3 of both agreements state that all notices given thereunder to Maum shall be sent to "322 University Avenue, Palo Alto, CA, 94301," or emailed to "jennifer.bae@maumgroup.com." Exhs. 3, 4.

**Maum's Breach**

18.    In order to perform the Subscription Agreement, on April 15, 2022, Showbox's Board of Directors resolved to conduct a capital increase through a third-party allotment to Maum and convene an extraordinary shareholders' meeting on May 31, 2022 to conditionally appoint Maum's CEO Bon Woong Koo as a Showbox non-executive director and to appoint Maum's Kwang-young Kim as a Showbox outside director and member of its audit committee, both as nominated by Maum.  Showbox disclosed those resolutions to the Korea Exchange.

19.    At the May 31, 2022 Showbox extraordinary shareholders' meeting, a resolution was made to approve the appointment of (1) Bon-woong Koo as a non-executive director and (2) Kwang-young Kim as an outside director and a member of the audit committee.  That resolution was conditioned to take effect only when Maum paid the amounts owed for the New Shares.

20.    In June 2022, Maum requested that Showbox and Orion change the June 30, 2022 closing dates under both agreements to be August 31, 2022.  Showbox and Orion agreed.

21.    On or about August 30, 2022, Maum made another request to change the closing dates for both agreements, this time from August 31, 2022 to September 30, 2022, and Maum also requested that the issue price of the New Shares or the sale price of the Old Shares be adjusted.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

22.    On or about August 30, 2022, Showbox and Orion agreed to change the closing dates for both agreements from August 31, 2022 to September 30, 2022, but denied Maum's request to adjust the issue price of the New Shares or the purchase price of the Old Shares.

23.    Throughout September 2022, Maum made numerous requests to Showbox and Orion to adjust the issue price for the New Shares or the sale price of the Old Shares, and to change other terms in the Subscription Agreement and in the Share Purchase Agreement, including Maum's request that it be permitted to nominate 3 out of 7 Showbox's directors, rather than the two directors it was entitled to nominate under the Subscription Agreement.  Showbox and Orion denied Maum's requests.  The closing date under both agreements remained September 30, 2022.

24.    On or about September 29 and September 30, 2022, Showbox and Orion requested that Maum deposit the amounts owed under both agreements by the September 30, 2022 closing date.

25.    On or about September 30, 2022, Maum failed to make any deposit, and failed to pay Showbox the subscription price for the New Shares or pay Orion the purchase price for the Old Shares.

26.    On or about October 4, 2022, Showbox (1) notified Maum of the cancellation of the Subscription Agreement pursuant to Article 11.3 of the Subscription Agreement on the grounds that the transaction was not closed by September 30, 2022, due to reasons attributable to Maum, and (2) requested that Maum pay an amount equivalent to 5% of the New Share subscription price pursuant to Article 12 of the Subscription Agreement.  Showbox thereafter again requested that Maum pay an amount equivalent to 5% of the New Share subscription price pursuant to Article 12 of the Subscription Agreement, but Maum failed to pay it.

27.    Orion also requested that Maum pay an amount equivalent to 5% of the Old Share purchase price pursuant to Article 12 of the Share Purchase Agreement, but Maum failed to pay it.

### The Amendments to the Agreements' Arbitration Provisions

28.    Given Maum's breach of both agreements and that arbitration proceedings were imminent, on or about December 14, 2022, counsel for Showbox and Orion sent Maum, and its transactional counsel at the Pyeong San law firm, a letter advising that Showbox and Orion intended

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

to resolve the disputes through arbitration and requested that Maum agree to amend provision 13.6 of both the Subscription Agreement and the Share Purchase Agreement to require that any dispute arising under those agreements be submitted for arbitration to the KCAB in Seoul, Korea, rather than to the SIAC in Singapore. *See* Declaration of Youngwon Yoon in support of Petition to Confirm Foreign Arbitration Awards ("Yoon Decl.") at ¶6.

29.    On or about December 21, 2022, Maum's transactional counsel responded stating that Maum would not agree to amend the dispute resolution clauses. *Id.*

30.    On or about December 26, 2022, counsel for Showbox and Orion responded by email, reiterating the request and stating that, absent Maum's agreement by December 31, 2022, Showbox and Orion would file for arbitration at SIAC and attached the Amendment to the Share Subscription Agreement and the Amendment to the Share Purchase and Shareholders Agreement. *Id.* The terms of both amendments stated that the dispute resolution clauses in the Subscription Agreement and the Share Purchase Agreement (provisions 13.6) are amended to require that any dispute arising under those agreements be submitted for arbitration to KCAB, rather than to the SIAC. *Id.*

31.    On or about January 13, 2023, counsel for Maum responded by email stating that Maum agreed to arbitrate in Korea. *Id.* On or about January 26, 2023, counsel for Maum sent counsel for Showbox and Orion the Amendment to the Share Subscription Agreement signed by Maum's Mr. Koo, and the Amendment to the Share Purchase and Shareholders Agreement signed by Maum's Mr. Koo. *Id.* On January 31, 2023, counsel for Showbox and Orion sent Maum and its counsel the Amendment to the Share Subscription Agreement that had been counter-signed by Showbox's Mr. Kim, and the Amendment to the Share Purchase and Shareholders Agreement that had been counter-signed by Orion's Mr. Heo. *Id.*

32.    In the fully executed "Amendment to the Share Subscription Agreement," Showbox and Maum amended Article 13.6 of the Subscription Agreement to state:

> Any disputes arising out of or in connection with this contract shall be finally settled by arbitration in accordance with the International Arbitration Rules of the Korean Commercial Arbitration Board. The number of arbitrators shall be one. The seat of the arbitral

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

proceedings shall be Seoul, Republic of Korea. The language to be used in the arbitral proceedings shall be Korean.

Exh. 5.

33.    In the fully executed "Amendment to the Share Purchase and Shareholder Agreement," Orion and Maum amended Article 13.6 of the Share Purchase Agreement to state:

Any disputes arising out of or in connection with this contract shall be finally settled by arbitration in accordance with the International Arbitration Rules of the Korean Commercial Arbitration Board. The number of arbitrators shall be one. The seat of the arbitral proceedings shall be Seoul, Republic of Korea. The language to be used in the arbitral proceedings shall be Korean.

Exh. 6.

34.    Maum's Brian Koo signed both amendments on behalf of Maum as its "Chairman of the Board." Exhs. 5, 6. Both amendments identify Maum's address as "322 University Avenue, Palo Alto, CA, USA (94301)." *Id.*

## THE ARBITRATIONS AND AWARDS

35.    On or about February 1, 2023, Showbox and Orion jointly filed a Request for Arbitration against Maum with the KCAB Secretariat and requested their claims be arbitrated in a single proceeding under Article 22 of the International Arbitration Rules of the KCAB (the "KCAB Rules"). The Secretariat assigned the matter case no. 23113-0005 (the "Showbox Arbitration").

36.    Soon thereafter, KCAB sent a copy of the Request for Arbitration via the DHL International Delivery Service (hereinafter "DHL") to Maum at 322 University Avenue, Palo Alto, California (hereinafter "Maum's Address"), which is the address listed for notices to Maum at Article 13.3 of the Subscription Agreement and Article 13.3 the Share Purchase Agreement, and was the address listed in the Arbitration Application.[1] Ex. 1 at ¶1.2.[2]

---

[1]    322 University Avenue, Palo Alto, California is also the address that Maum listed as its principal place of business in its November 10, 2023 Statement of Information filed with the California Secretary of State. *See* Declaration of Joseph J. Poppen in support of Petition to Confirm Foreign Arbitration Awards at Exh. B.

[2]    Under Article 8.6 of the KCAB Rules, the KCAB Secretariat, not the petitioner, is required to serve the Request for Arbitration on the respondent. Under Article 4.2, all "notifications and written communications to a party … shall be made to the address designated by that party or, in the absence of such designation, to the last known address of the party or its representative," and

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

37.     Thereafter, Bon Woong Koo, Maum's CEO and/or Chairman of the Board, requested that DHL deliver the arbitration-related documents sent by KCAB to 243 Angela Drive, Los Altos, California (hereinafter Maum's "Requested Service Address"). Ex. 1 at ¶1.2. The copy of the Request for Arbitration was served on Maum via DHL at its Requested Service Address on April 17, 2023. *Id.*[3]

38.     On or about March 29, 2023, Orion submitted to KCAB a withdrawal of its claims in the Arbitration Application. Ex. 1 at ¶1.3. A copy was delivered to Maum via DHL on April 17, 2023 at Maum's Requested Service Address. *Id.*[4]

39.     Maum failed to pay the required costs of the Showbox Arbitration. Ex. 1 at ¶1.4. Showbox was thus required to pay, and did pay, all costs of the Showbox Arbitration. *Id*.

40.     Pursuant to Articles 11 and 12(1) of the KCAB Rules, the KCAB Secretariat referred the Showbox Arbitration to a sole arbitrator and selected Korean national Choi Kyung-Joon, an attorney of the Kim Chang & Lee law firm, as sole arbitrator. Ex. 1 at ¶¶1.5-1.6. The KCAB Secretariat notified Maum of this appointment through a letter dated September 7, 2023 titled "Notice of Composition of the Arbitral Tribunal" that was delivered to Maum via DHL at Maum's Requested Service Address on September 11, 2023. Ex. 1 at ¶1.6.

41.     On or about December 8, 2023, Orion filed its own Arbitration Application (the "Orion Arbitration Application") against Maum, and the KCAB Secretariat assigned it case no. 23113-0031 (the "Orion Arbitration"). Ex. 2 at ¶1.6.

42.     On or about December 23, 2023, the KCAB Secretariat sent a copy of the Orion Arbitration Application to Maum's Address. Ex. 2 at ¶1.7.

---

under Article 4.4, a "notification or communication shall be deemed to have been delivered on the day it was received by a party or its representative or the day it ought to have been received by a party or its representative if made to the last known address in accordance with Paragraph 2."

[3]     Showbox submits herewith DHL proof of delivery documents and emails confirming the respective deliveries by DHL to Maum of the arbitration-related documents referenced in the Showbox Arbitration Award at its paragraphs 1.2, 1.3, 1.5, 1.6, 1.8, 1.9, 1.12, 1.14, 1.20, 1.21, 1.22, 1.23, and 1.24. *See* Yoon Decl. at Exh. G.

[4]     Orion submits herewith DHL proof of delivery documents and emails confirming the respective deliveries by DHL to Maum of the arbitration-related documents referenced in the Orion Arbitration Award at its paragraphs 1.2. 1.3, 1.4, 1.11, 1.12, 1.15, 1.17, 1.23, 1.24, 1.25, and 1.26. *See* Yoon Decl. at Exh. H.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

43.     On or about February 8, 2024, pursuant to Article 4(2) of the KCAB Rules, Orion informed the KCAB Secretariat in the Orion Arbitration that 322 University Avenue, Palo Alto, California, was Maum's "last known address," and also requested that KCAB notices and correspondence sent to Maum be supplemented by email to Maum. Ex. 2 at ¶1.7.

44.     On or about February 8, 2024, in the Orion Arbitration, the KCAB Secretariat sent a "Notice of Receipt of Arbitration Application and Request for Prepayment of Arbitration Costs" to Maum by email. Ex. 2 at ¶1.7.

45.     Maum failed to pay the required costs of the Orion Arbitration, and Orion was thus required to pay, and did pay, all costs of the Orion Arbitration. Ex. 2 at ¶1.8.

46.     On or about March 13, 2024, the KCAB Secretariat appointed Kyung-Joon Choi as sole arbitrator in the Orion Arbitration pursuant to Article 12(1) of the KCAB Rules and notified Maum of the appointment through its "Notice of Composition of the Arbitral Tribunal," which KCAB sent Maum by email and via DHL to Maum's Address. Exh. 2 at ¶1.10.

47.     On or about April 29, 2024, the arbitrator sent all parties, in both the Showbox Arbitration and in the Orion Arbitration, correspondence requesting they advise by May 10, 2024 of the dates they could attend a preliminary scheduling meeting by video. Exh. 1 at ¶1.8; *see also* Exh. 2 at ¶1.11. The arbitrator sent this correspondence to Maum by email and by DHL to both Maum's Address and its Requested Service Address. *Id*. It was delivered to Maum at Maum's Requested Service Address on May 6, 2024. *Id*.

48.     Showbox and Orion submitted their availability regarding the preliminary meeting, but Maum did not. Exh. 1 at ¶1.9. On or about May 14, 2024, the arbitrator set the preliminary meeting for May 24, 2024, at 4:00 P.M. (KST) and sent notice thereof to Maum by email and by DHL which was delivered to Maum at its Requested Service Address. *Id*.

49.     The preliminary meeting occurred on May 24, 2024 via Zoom. Exh. 1 at ¶1.11. Counsel for Showbox and Orion appeared. No Maum representative appeared. *Id*.

50.     On or about May 29, 2024, the arbitrator issued a "Procedural Order on the Arbitration Schedule and Procedural Matters" ("Procedural Order No. 1") in both cases, that, among other things, set the arbitration hearings in both cases for August 23, 2024, at 2:00 PM at

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

the KCAB.  Exh. 1 at ¶1.12, Appendix 1; Exh. 2 at ¶1.15, Appendix 1.  On that date, KCAB sent Procedural Order No. 1 in both cases to Maum by email and by DHL, which were delivered to Maum at its Requested Service Address on May 30, 2024.  *Id.*

51.    Also on or about May 29, 2024, KCAB sent a copy of Orion's Arbitration Application to Maum via DHL which was delivered to Maum at its Requested Service Address on May 30, 2024.  Exh. 2 at ¶1.15.

52.    Under Procedural Order No. 1, Maum had until June 14, 2024 to submit its responses to the Arbitration Applications, but failed to do so.  Exh. 1 at ¶1.13; Exh. 2 at ¶1.16.

53.    On or about July 5, 2024, Showbox and Orion submitted their preparatory briefs and evidence, and served the same on Maum by email.  Exh. 1 at ¶1.14; Ex. 2 at ¶1.17.  On July 8, 2024, Showbox and Orion sent the same to Maum at Maum's Requested Service Address via DHL.  *Id.*  On August 14, 2024, Showbox and Orion once again sent the same to Maum via DHL, and they were delivered to Maum on August 15, 2024 at its Requested Service Address.  *Id.*

54.    The arbitrator ruled that "[i]n accordance with Procedural Order 1, Respondent was able to submit its briefs and related documentary evidence and, if necessary, witness statements to comment on and rebut" Showbox's and Orion's evidence, but "failed to submit any briefs, documentary evidence or witness statements."  Exh. 2 at ¶1.18; *see also* Exh. 1 at ¶1.15.

55.    The arbitration hearings were held on August 24, 2023 at the KCAB in Seoul, Korea.  Showbox and Orion appeared through counsel, but Maum "failed to appear despite having been served with all the briefs and related documentary evidence submitted by the Claimant and having been given advance notice of the hearing date through the Arbitral Tribunal's Procedural Order 1."  Exh. 2 at ¶1.21; Exh. 1 at ¶1.18.  Showbox and Orion presented their cases during the hearings.  Exh. 1 at ¶1.19; Exh. 2 at ¶1.22.  The arbitrator requested that Showbox submit a supplemental brief and evidence for certain facts supporting its claims.  Exh. 1 at ¶1.19.

56.    On or about August 27, 2024, KCAB sent the record of the hearing to each party by email and also to Maum via DHL, which was delivered to Maum at its Requested Service Address on August 28, 2024.  Exh. 1 at ¶1.20; Exh. 2 at ¶1.23.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

57.    On or about September 6, 2024, Showbox submitted its supplemental brief and evidence to KCAB and served Maum via email, and, on September 9, 2024, also served on Maum via DHL.  Exh. 1 at ¶1.21.  The supplemental brief and evidence were delivered to Maum at its Requested Service Address on September 10, 2024.  *Id*.

58.    On or about October 2, 2024, pursuant to Article 31(1) of the KCAB Rules, the arbitrator notified the KCAB Secretariat and the parties by email that the arbitration hearings had concluded.  Ex. 1 at ¶1.23; Ex. 2 at ¶1.26.  KCAB also served the notice on Maum via DHL, and it was delivered to Maum at its Requested Service Address on October 29, 2024.  *Id*.

59.    On December 30, 2024, the arbitrator issued two final awards, one on Showbox's claims and one on Orion's claims.  Exhs. 1, 2.

60.    The Showbox Award sets forth the arbitrator's detailed analysis and evaluation of Showbox's claims premised on Maum's breach of the Subscription Agreement and the evidence Showbox presented.  *See* Exh. 1 at ¶¶2.1-6.14.  The arbitrator ruled Showbox's favor, and awarded Showbox KRW 6,653,703,141 as against Maum, "in addition to interest at the rate of 6% per annum with respect to KRW 6,583,703,141 from October 5, 2022, to the date of full payment, and interest at the rate of 6% per annum with respect to KRW 70,000,000 from April 18, 2023, to the date of full payment."  Exh. 1 at pg. 2 of 37; *see also* Exh. 1 at ¶¶7.1-7.2.  The arbitrator also awarded Showbox "KRW 147,266,491 in arbitration costs, including attorneys' fees" as against Maum.  *Id*.

61.    The Orion Award sets forth the arbitrator's detailed analysis and evaluation of Orion's claims premised on Maum's breach of the Share Purchase Agreement and the evidence Orion presented.  *See* Exh. 2 at ¶¶2.1-6.15.  The arbitrator ruled in Orion's favor, and awarded Orion KRW 3,033,692,970 as against Maum, "in addition to interest at the rate of 6% per annum with respect to KRW 374,286,795 from October 5, 2022, to the date of full payment, and interest at the rate of 6% per annum with respect to KRW 2,659,406,175 from May 31, 2024, to the date of full payment."  *Id*. at pg. 2 of 39; *see also* Exh. 2 at ¶¶7.1-7.2.  The arbitrator also awarded Orion "KRW 127,489,054 in arbitration costs, including attorneys' fees," as against Maum.  *Id*.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

62.    On January 2, 2025, the KCAB served the parties with original copies of the Showbox Award and the Orion Award "in accordance with Article 32(4) of the Arbitration Act and Article 40(1) of the KCAB International Arbitration Rules." Ex. 2 at pg.1; *see also* Ex. 1 at pg. 1.

## REQUEST FOR RELIEF

### (Confirm Arbitral Awards Pursuant to New York Convention and 9 U.S.C. §§ 201-208)

63.    Showbox and Orion repeat and reallege the allegations in Paragraphs 1 through 62 as if set forth fully herein.

64.    The Subscription Agreement and the Share Purchase Agreement, and the Amendments to them, all constitute "an agreement in writing" within the meaning of Article II(2) of the New York Convention.

65.    The Subscription Agreement and the Share Purchase Agreement, and the Amendments to them, arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

66.    The Showbox Award and the Orion Award are nondomestic arbitral awards in that they both involve foreign parties and were arbitrated abroad.

67.    The Showbox Award and the Orion Award are both final and binding within the meaning of the New York Convention and Chapter 2 of the FAA.

68.    None of the grounds for refusal or deferral of the Showbox Award or the Orion Award set forth in the New York Convention applies.

69.    The Showbox Award and the Orion Award are required to be recognized, and judgment entered thereon, pursuant to Article III of the New York Convention and 9 U.S.C. § 207.

70.    When entering its confirmation orders and judgment, the Court should convert the Korean won amounts stated in the Showbox Award and in the Orion Award to U.S. dollars. *See*, *e.g.*, *Omni Bridgeway Ltd. v. Ministry of Infrastructure & Energy of Republic of Albania*, No. CV 23-1938 (LLA), 2025 WL 506570, at *9 (D.D.C. Feb. 14, 2025). In doing so, "the court examines the exchange rate at the date of the award and the date of the judgment and selects the more favorable rate for the creditor." *Id*. (citations and internal quotation marks omitted). As of December 30, 2024 (the date of the Awards), one Korean Won equaled .00068 U.S. dollars.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

71.    The Court should also apply "the interest rate called for in the award," as "[d]oing so fulfills the widely accepted, remedial purpose of ... compensat[ing] the injured party for the loss of the use of money he would otherwise have had." *Omni Bridgeway Ltd*., 2025 WL 506570, at *9 (citations and internal quotation marks omitted).

WHEREFORE, Petitioners Showbox and Orion petition this Court for an Order and a Judgment:

1.    Confirming the Showbox Award issued by KCAB on December 30, 2024, in favor of Showbox and against Maum;

2.    Awarding Showbox the following amounts against Maum:

a.    The Principal of KRW 6,653,703,141 converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

b.    Prejudgment interest on KRW 6,583,703,141 at the Korean statutory rate of 6% per annum from October 5, 2022 to the date judgment is entered, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

c.    Prejudgment interest on KRW 70,000,000 at the Korean statutory rate of 6% per annum from April 18, 2023 to the date judgment is entered, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

d.    KRW 147,266,491 in arbitration costs, including attorneys' fees, as awarded in the Showbox Award, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered; and

e.    Such other and further relief as may be just, proper, necessary, and in conformity with the Showbox Award;

3.    Confirming the Orion Award issued by KCAB on December 30, 2024, in favor of Orion and against Maum;

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

4.  Awarding Orion in the following amounts against Maum:

    a.  The Principal of KRW 3,033,692,970 converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

    b.  Prejudgment interest on KRW 2,659,406,175 at the Korean statutory rate of 6% per annum from May 31, 2024 to the date judgment is entered, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

    c.  Prejudgment interest on KRW 374,286,795 at the Korean statutory rate of 6% per annum from October 5, 2022 to the date the judgment is entered, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered;

    d.  KRW 127,489,054 in arbitration costs, including attorneys' fees, as awarded in the Orion Award, with said amount being converted to U.S. Dollars based on the more favorable exchange rate in effect on December 30, 2024 or on the date judgment is entered; and

    e.  Such other and further relief as may be just, proper, necessary, and in conformity with the Orion Award.

Dated: September 10, 2025             BRYAN CAVE LEIGHTON PAISNER LLP

By: _____

Daniel Rockey
Joseph J. Poppen
Attorneys for Petitioners
SHOWBOX CORP.; ORION HOLDINGS CORP.